**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| LIBERTY MEDIA HOLDINGS, LLC, | CASE NO. 11 CV 0652 MMA (BLM) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **DENYING MOTION FOR DEFAULT JUDGMENT** |
| | [Doc. No. 8] |
| | **SETTING ASIDE CLERK'S ENTRY OF DEFAULT;** |
| ERIC HENSON, | **ORDERING PLAINTIFF TO SERVE DEFENDANT WITHIN 30 DAYS** |
| Defendant. | |

Currently before the Court is Plaintiff Liberty Media Holdings, LLC's motion for default judgment against Defendant Eric Henson. [Doc. No. 8.] On November 21, 2011, the Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Liberty's motion.

## BACKGROUND

**I.  FACTUAL ALLEGATIONS**

On March 31, 2011 Plaintiff Liberty Media Holdings, LLC ("Liberty") filed an action against Defendant Eric Henson for copyright infringement. [Doc. No. 1.] Liberty creates and publishes original adult films. Individuals can purchase a monthly membership that allows them

to view the films available on Liberty's websites.  Liberty also offers some of its films for sale on DVD.  At issue in this action is one specific film—Down on the Farm—to which Liberty holds the copyright.

According to Liberty, Defendant unlawfully downloaded the Down on the Farm film without Liberty's permission.  Defendant allegedly used a program called "Bit Torrent" to view, use and make the film available for distribution to other internet users.  Liberty does not know, and cannot determine, how many people have gained access to its copyrighted work without permission as a result of Defendant's actions.

Liberty further asserts Defendant acted intentionally, willfully and maliciously because one cannot accidentally download a film using the Bit Torrent program.  Because Liberty cannot determine how many people have unlawfully gained access to its film as a result of Defendant's alleged misappropriation, Liberty seeks statutory damages under 17 U.S.C. § 502.  Liberty also seeks injunctive relief to prevent Defendant from further distributing Liberty's copyrighted material.

## II.   PROCEDURAL POSTURE

Liberty filed its complaint on March 31, 2011, and a summons was issued the same day.  [Doc. Nos. 1, 2.]  The docket reflects no activity until October 14, 2011, when the Court set an order to show cause hearing for failure to serve Defendant within the time permitted by Federal Rule of Civil Procedure 4(m).  [Doc. No. 3.]  The same day, Liberty filed a proof of service, purportedly demonstrating Defendant had been personally served with the complaint and summons on April 22, 2011.  [Doc. No. 4.]  On October 14, Liberty also filed a request for entry of Clerk's Default.  [Doc. No. 6.]  The Clerk entered default on October 17.  [Doc. No. 7.]  The same day, Liberty filed its pending motion for entry of default judgment on the ground that Defendant has failed to answer or otherwise respond to Liberty's complaint.  [Doc. No. 8.]

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a plaintiff can request the Clerk of Court to enter default against a defendant who has failed to answer or otherwise respond to the plaintiff's complaint.  FED. R. CIV. PROC. 55(a)-(b)(1).  After the Clerk enters default, the plaintiff may apply

to the district court for entry of a default judgment against the defendant. FED. R. CIV. PROC. 55(b)(2). Default judgments generally are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In reality, however, "default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)). The decision to grant or deny a motion for entry of default judgment lies within the sound discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

After an entry of default by the Clerk, well-pled allegations in the complaint are deemed true, except as to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In the Ninth Circuit, a district court must consider seven factors when deciding whether to grant a motion for default judgment, including: "(i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

### DISCUSSION

As a preliminary matter, the Court "must first assess the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 U.S. Dist. LEXIS 59095 *7 (N.D. Cal. June 2, 2010) (citations omitted).

> It is fundamental that before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Because default judgments generally are disfavored, courts have required strict compliance with the legal prerequisites establishing the court's power to render the judgment. Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, it is inappropriate to conclude that the defendant has failed to plead or otherwise defend under Rule 55(a).

*Id*. at *7-8 (internal marks and citations omitted).

///

On October 14, 2011, Liberty filed a proof of service indicating that Parker Gibson of One Legal LLC personally served Defendant Eric Henson in accordance with California Code of Civil Procedure, on April 22, 2011 at 12:00 p.m. [Doc. No. 4.] On its face, however, Liberty's proof of service fails to comply with the California Code of Civil Procedure sections governing personal service.[1]

Under section 417.10(a): "Proof that a summons was served on a person within this state shall be made: (a) If served under Section 415.10 [personal service] . . . by the affidavit of the person making the service showing the time, *place*, and manner of service and facts showing that the service was made in accordance with this chapter." (emphasis added). Liberty's proof of service fails to provide the location where One Legal personally served Defendant with the summons and complaint. Accordingly, Liberty has not effected proper service of process on Defendant, and default judgment is not warranted. CAL. CIV. PROC. CODE § 415.10(a); *see S.A. v. Exeter Union Sch. Dist.*, 2009 U.S. Dist. LEXIS 61854 *5 (E.D. Cal. July 7, 2009); *see also Sipe v. Countrywide Bank*, 2011 U.S. Dist. LEXIS 132780 *2 (E.D. Cal. Nov. 17, 2011) (failure to serve requires denial of motion for entry of default judgment).

In addition, because the record does not demonstrate Liberty has effectively served Defendant with any of its subsequent filings, the Court is not convinced Defendant has any notice of Liberty's claims against him. Specifically, Liberty's initial proof of service does not provide the location nor address where Defendant was purportedly served, yet each subsequent proof of service states: Defendant was served via CM/ECF and by sending a copy "via U.S. mail to the Defendant at the address used to effect initial service." [*See* Doc. No. 6-1, p.3; Doc. No. 8-1, p.12.] Liberty's certificates of service are problematic for two reasons.

///

---

[1] California Code of Civil Procedure section 415.10 governs personal service. However, because Liberty does not allege whether Defendant resides in California or out of state, the Court cannot determine whether Liberty's proof of service is governed by California Code of Civil Procedure section 417.10 (service within California) or section 417.20 (service outside state). Regardless, because Liberty's proof of service fails to comply with both sections, the Court need not conclusively determine which section applies. For purposes of this Order, the Court assumes, without deciding, that section 417.10 governing proof of service within California applies.

1   First, Liberty's purported electronic sevice is ineffective. When an attorney registers to use the Court's CM/ECF system, the registration constitutes "consent to Electronic Service of all documents as provided in th[e] General Order and in accordance with the Federal Rules of Civil Procedure[]." S.D. Civ. L.R. 5.4(d). Here, however, neither Defendant nor an attorney on his behalf has appeared, nor registered as a user on the Court's CM/ECF system. Under Civil Local Rule 5.4(c), "[p]arties who are not Filing Users must be served with a copy of any pleading or other document filed electronically in accordance with the Federal Rules of Civil Procedure and these Local Rules." Because the record does not contain any indication Defendant consented to electronic service, Liberty's attempted service using the Court's CM/ECF system is ineffective.

Second, because the initial proof of service [Doc. No. 4] does not provide an address for Defendant, Liberty's subsequent certificates of service that purport to rely on the original defective service are unavailing. Given the existing record, the Court is not persuaded Defendant has failed to respond or otherwise defend against Liberty's allegations within the meaning of Federal Rule of Civil Procedure 55(a). Accordingly, in light of the underlying problems with Liberty's service of process, the Court need not determine whether the *Eitel* factors support default judgment.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Liberty's motion for default judgment [Doc. No. 8] and **ORDERS** as follows:

(i)   The Clerk of Court is instructed to set aside the default entered on October 17, 2011 [Doc. No. 7] on the ground that Liberty did not properly serve Defendant;

(ii)  If Liberty intends to pursue this action, it shall effect proper service of the complaint and summons on Defendant Eric Henson within **thirty (30) days** of entry of this Order. Liberty shall also complete and file the summons and proof of service provided by the Clerk of Court [*see* Doc. No. 2] within that thirty-day period.

///

(iii) Liberty is advised that if it fails to serve Defendant and file its required proof of service within the time set forth above, the Court may dismiss this action without further notice.

**IT IS SO ORDERED.**

DATED: November 22, 2011

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge